### SEEDS et v CUPP et

Ohio Appeals, 2nd Dist, Madison Co

No 120.   Decided Nov 14, 1935

Dean M. Richmond, London, for plaintiff in error.

Crabbe & Tottle, London, for defendants in error.

## OPINION

By HORNBECK, J.

The question presented is: On the record presented do the provisions in the lease and/or the note and notation thereon operate as a chattel mortgage to the defendants in error, giving them the right to maintain the claim of special ownership in the horse sought to be replevined?

It will be noted from the agreed statement of facts that the lease and the note with the notation on the margin thereof were filed at different times as chattel mortgages, the note having been filed first. The agreed statement of facts discloses no fact whatever, independent of that found in the written instruments, i.e., the lease and the note, which lends any light whatever in the interpretation to be placed upon them. Although the lease was filed subsequent to the note as a chattel mortgage, there is nothing in the record to indicate that they were not made contemporaneously, or at least the same day. Both instruments are dated March 9, 1933. It is probable that the date March 1, 1933 to March 1, 1934 appearing on the lease is intended merely to fix the tenure of the lease and not the time when it was entered into.

The provision in the lease whereby the tenant agreed that the balance of the rent, in the amount of $55.00, "is to be secured with a chattel mortgage on a two year old colt (black work horse)" is not a chattel mortgage but an agreement to give a chattel mortgage, which between the parties may be held to be an equitable lien. The note, in conjunction with the notation on the side thereof, "Chattel on two year old black horse colt," is not in itself sufficiently definite to permit the finding that it is a chattel mortgage. There is no parol testimony whatever tending to show that this note and marginal reference thereon was to constitute a chattel mortgage, or that it was the intention of the parties that it should be so considered, or that there was any other or supplementary agreement fixing the fact that it was a chattel mortgage. A chattel mortgage may be established by parol testimony and it would be possible to give significance to the ambiguity and uncertainty in the language on the note, so that it could be declared to be a chattel mortgage. Insofar as the agreed statement of facts appears, there may have been a chattel mortgage, in which event the notation on the note would be given significance. It may be that the parties considered the language of the lease and the provision therein respecting the giving of a chattel mortgage as a chattel mortgage. Even the word "mortgage" must be read into the language on the note by inference.

The lease is signed only by J. W. Seeds. The reference therein to the purpose to give a mortgage on the horse described would imply that the ownership of the horse was in J. W. Seeds, and that the chattel mortgage would be given by him. The note is signed by J. W. Seeds and Russell M. Seeds. If the memorandum on the note is the mortgage, then it would appear that both the Seeds are mortgagors. This is inconsistent with the terms of the lease. Inasmuch as the inference clearly to be drawn from the lease is that J. W. Seeds is to give the mortgage, the marginal reference on the note would seem to have application to another instrument, which would be the chattel mortgage securing the note which both Seeds had signed.

Any one of the inferences to which we have made reference is as reasonable as the other. In the absence of some clarifying testimony we are of opinion that it is too speculative to consider the note and the notation thereon as a chattel mortgage. The equitable lien created as between the parties by the language of the lease could be established on the equity side of a court having such jurisdiction.

Replevin is a legal action grounded solely on statutory authority.

The right of the landlord under the language of the lease in our judgment is not sufficient to support the legal action of replevin. The landlord may have an equitable lien upon the property described under the lease and not have such legal title to the property as would support the action of replevin. The situation is different as we view it respecting the right under the instrument, namely, the note and the marginal notation thereon. If this instrument could be classified by clarification of oral testimony it might be decreed a chattel mortgage, in which event all the rights accruing to a mortgagee in a chattel mortgage would inure to the landlord. But the agreed statement of facts in the meager form in which they appear in the record is not sufficient in our judgment to support the finding that the instrument, the note and addendum thereto, is a chattel mortgage. We cannot say that the lease and the note and memorandum considered separately or together constitute a chattel mortgage on the law side of the court. We appreciate the equities which the trial court recognized in favor of defendants in error, but on this record they were such as are cognizable only on the chancery side.

Counsel for plaintiff in error has cited one authority which is directly in point and supports his contention. The case is Davis v Childers, (S. C.) 22 SE 784. Nos. 1 and 3 of the syllabi are of value in this case:

"1. An agreement, founded on a valuable consideration, to give a mortgage on chattels, constitutes an equitable mortgage.

"2. It is not necessary that the agreement for such mortgage be in writing.

"3. An equitable mortgage of chattels, containing no words of alienation, does not authorize the mortgagee to seize the property on default, but the mortgagee's remedy is in a court of equity."

The facts in the case were that defendant Childers had signed a note as surety for plaintiff Davis, who had orally agreed to give Childers a mortgage on a horse, mule, wagon, buggy and crop; that Childers had to pay the note and after requesting that Davis comply with his agreement to give the mortgage and after his refusal so to do, sent Childers' agent, Laboon, to the premises of the plaintiff and took from his possession certain of the property which was to be the subject of the mortgage.

The case is authority for the well-rec-ognized principle that a chattel mortgage may be created by parol, and that it is not necessary that the agreement to give such mortgage be in writing. It necessarily follows that if there is some memorandum which tends to show that it may have been the purpose to give a chattel mortgage, such purpose could be elucidated and made definite by parol testimony.

The court at page 788 says:

"Chattel mortgages are divided: (1) Into legal and equitable mortgages. (2) The equitable mortgages are divided into those containing words of alienation sufficient in form to pass the legal title to property, but where the property at the time of the execution of the mortgage is not in esse, and those where there are no words of alienation sufficient in form to pass the legal title to the property mortgaged. When the mortgage contains words of alienation as aforesaid, and the property mentioned therein is not in esse at the time the mortgage is executed, the mortgagee has the right to take the property into his possession when it comes into existence; but his right to seize the property is based upon the words of alienation contained in the mortgage. When there are no such words of alienation, the mortgagee must seek the enforcement of his rights in a court of equity."

The court held that Childers had no right to seize the property, admitting that he had an equitable mortgage.

We have undertaken to decide this case upon the legal questions which counsel have presented to the court. It is doubtful if the agreed statement of facts is sufficient, in particulars other than those specifically discussed, to support the right of defendant in error to maintain replevin. It does not appear that the two-year old black horse colt mentioned in the petition is the identical property which is the subject matter of the replevin suit.

Inasmuch as this case may be tried again we direct attention of counsel to the condition of the pleadings, docket entries and judgment, which should be corrected. The action in replevin in the Justice Court proceeded as: Eulah Cupp and Leona Grandstaff, by Charles H. Cupp, Agent, v J. W. Seeds and Russell M. Seeds. In Common Pleas Court the petition is styled: Eulah Cupp and Leona Grands' ff, Plaintiff v J. W. Seeds and Russell M. Seeds, defendants. The averment is that the defendants agreed to mortgage and did mortgage the two-year old black horse colt to the

plaintiff, and that the defendants refused to pay the said note and said mortgage has become absolute. The agreed statement of facts is styled: Eulah W. Cupp, plaintiff v J. W. Seeds, defendant, and there is no reference whatever in the statement to Russell M. Seeds, and he only appears in the statement as a signer of the note attached to the statement. The judgment entry is a finding in behalf of Eulah Cupp and Leona Grandstaff, plaintiffs, against the defendants Seeds and both defendants except to the order. The motion for new trial is on behalf of defendant without designation and the entry thereon overrules the motion of defendant J. W. Seeds for new trial and he excepts.

For the reasons heretofore stated the judgment must be reversed and cause remanded for further procedings according to law.

BARNES, PJ, and BODEY, J, concur.